IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.                                                                    24-CR-6087-FPG

SHAMAR ANDERSON,

                         Defendant.

_____

## PLEA AGREEMENT

The defendant, SHAMAR ANDERSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to waive indictment and plead guilty to a two-count Information which charges:

a.      In Count 1, a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and distribute, cocaine and fentanyl), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life; and

b.      In Count 2, a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of life, said sentence to be served consecutively to any other sentence imposed

in this, or any other matter, whether in this jurisdiction or any other, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years.

      c.     The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

      2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 7 years, without credit for time previously served on supervised release.

## II.    ELEMENTS AND FACTUAL BASIS

      3.     The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 - 21 U.S.C. § 846

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute, and to distribute, a controlled substance;

Second, that the defendant knew of the existence of the agreement; and

Third, that the defendant intended to participate in the unlawful agreement.

### Count 2 – 18 U.S.C. § 924(c)(1)(A)(i)

First, that the defendant knowingly possessed a firearm; and

Second, that the defendant possessed the firearm in furtherance of a drug trafficking crime for which the defendant could be prosecuted in a court of the United States.

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the

basis for the entry of the pleas of guilty including relevant conduct:

a.      Between in or about May 2023, and on or about January 17, 2024, in
Monroe County, in the Western District of New York, the defendant,
**SHAMAR ANDERSON**, did knowingly and intentionally combine,
conspire, and agree with Timothy Jackson, Jr. a/k/a T a/k/a T-Rock,
Gary Fuller a/k/a G, Felicia Collins a/k/a Keisha Brown, Shawnle
McClary a/k/a S and others, known and unknown, to possess with
intent to distribute, and distribute, cocaine and fentanyl, both Schedule
II controlled substances. The defendant admits the purpose of the
conspiracy was to sell cocaine and fentanyl for profit.

b.      In furtherance of the conspiracy, the defendant was paid to work at drug
houses on Angle Street in the City of Rochester selling quantities of
cocaine and fentanyl to customers. The defendant sold cocaine and
fentanyl from 49 Angle Street and 96 Angle Street. The defendant
documented the quantity of drugs sold, the amount of money made, and
contacted co-conspirators when the drug house was running low on its
supply.

c.      On or about January 17, 2024, at 96 Angle Street in the City of
Rochester, County of Monroe, Western District of New York, the
defendant, **SHAMAR ANDERSON**, did knowingly possess a firearm
– namely, one (1) 25 Auto (6.35mm) caliber, Phoenix Arms HP25A
semi-automatic pistol, bearing serial number 4580118, loaded with
seven (7) rounds of 25 Auto (6.35mm) caliber ammunition – in
furtherance of a drug trafficking crime for which he could be prosecuted
in a court of the United States, that is, a violation of Title 21, United
States Code, Section 846, to wit, conspiracy to possess with intent to
distribute, and distribute, cocaine and fentanyl, as alleged in Count 1 of
the Information.

d.      On January 17, 2024, law enforcement executed search warrants at
multiple locations in the City of Rochester utilized by members of the
conspiracy, including 96 Angle Street, which was a drug house outfitted
with wooden 2x4 barricades and a surveillance camera. Upon entry, law
enforcement encountered the defendant, who was the sole occupant and
had $404 in U.S. currency in his pants pocket.

e.     During the search, officers seized 500 capsules containing cocaine; 53 bags containing cocaine; 933 capsules containing fentanyl; 16 glassine bags containing fentanyl; paraphernalia for the packaging of narcotics for distribution, including new/unused bags, capsules, and razors; one (1) 25 Auto (6.35mm) caliber, Phoenix Arms HP25A semi-automatic pistol, bearing serial number 4580118, loaded with (7) rounds of 25 Auto (6.35mm) caliber ammunition (including one round in the chamber); $1,053 in U.S. currency; and cell phone (585) 806-6571, which the defendant and other drug house workers were intercepted pursuant an eavesdropping warrant using to speak to Fuller in furtherance of the narcotics conspiracy.

f.     Approximately 47 grams of cocaine and 30 grams of fentanyl were recovered from 96 Angle Street.

g.     For purposes of this plea agreement only, the parties agree that, based on the Drug Conversion Tables of the Sentencing Guidelines, the amounts of cocaine and fentanyl involved in the defendant's relevant conduct encompassed in Count 1 of the Information which could be readily proven by the government against the defendant are the equivalent of at least 80 kilograms but less than 100 kilograms of Converted Drug Weight.

## III.   SENTENCING GUIDELINES

5.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.     Regarding Count 1, the government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(9) apply to the offense of conviction and provide for a base offense level of 22.

4

## ACCEPTANCE OF RESPONSIBILITY

7.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 19 for Count 1.

## CRIMINAL HISTORY CATEGORY

8.     It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

9.     It is the understanding of the government and the defendant that, with a total offense level of **19** and criminal history category of **II**, the defendant's sentencing range would be a term of imprisonment of **33 to 41 months**, a fine of **$10,000 to $1,000,000**, and a period of supervised release of **3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

10.     The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 2 and provides that the Guidelines sentence is the minimum term of imprisonment required by statute. The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

11.     Based on the above, it is the understanding of the government and the defendant that the aggregate sentencing range for the defendant is a term of **imprisonment of 93 to 101 months (60 months on Count 2 to run consecutive to 33 to 41 months on Count 1), a fine of $10,000 to $1,000,000, and a term of supervised release of 3 to 5 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement for both counts of conviction.

12.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

14.    In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

15.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.    REMOVAL

16.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

7

## VI.   GOVERNMENT RIGHTS AND OBLIGATIONS

17.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 24-MJ-4013.

19.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

8

## VII.   APPEAL RIGHTS

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a sentence of imprisonment of **93 to 101 months**, a fine of **$10,000 to $1,000,000**, and a period of supervised release of **3 to 5 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a sentence of imprisonment of **93 to 101 months**, a fine of **$10,000 to $1,000,000**, and a period of supervised release of **3 to 5 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

23.     As a condition of the pleas, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the government and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) which is in the possession and control of the defendant or the defendant's nominees.  That property includes:

**CURRENCY:**

a.     The sum of $1,053.00 United States currency seized on or about January 17, 2024. The defendant further agrees that this amount is properly forfeitable pursuant to Title 21, United States Code, Section 853, as the $1,053.00 was proceeds of the defendant's illegal activities;

b.     The sum of $404.00 United States currency seized on or about January 17, 2024. The defendant further agrees that this amount is properly forfeitable pursuant to Title 21, United States Code, Section 853, as the $404.00 was proceeds of the defendant's illegal activities.

24.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control over the firearm and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following:

a.     One (1) Phoenix Arms, HP25A, .25 caliber pistol, bearing serial number 4580118 seized on January 17, 2024, from 96 Angle Street, Rochester, New York;

b.    Seven (7) rounds of .25 caliber ammunition seized on January 17, 2024, from 96 Angle Street, Rochester, New York.

25.    The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third-party files a claim or petition to the property listed above, the defendant will assist the government in litigating such claim.

26.    After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture). The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice

11

set forth in an indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty pleas are accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

28.     The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above-referenced property.

29.     The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of

12

imprisonment, any income taxes, or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

30. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency, firearm, and ammunition survive and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

31. The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones, computers and electronic equipment seized by law enforcement in this case.

13

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

32.    This plea agreement represents the total agreement between the defendant, SHAMAR ANDERSON, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:   _____

ROBERT A. MARANGOLA
Assistant United States Attorney

Dated: June 20, 2024

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, ROBERT W. WOOD, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____          _____
SHAMAR ANDERSON                                    ROBERT W. WOOD, ESQ.
Defendant                                                      Attorney for the Defendant

Dated: June 20, 2024                                  Dated: June 20, 2024

14